UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>ESTEBAN ANDRADE-GUERRERO,<br><br>Defendant/Movant. | No. 2:15-CR-18-ART-REW-1<br>No. 2:17-CV-04-ART-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

Movant, Esteban Andrade-Guerrero, is a federal inmate. On January 8, 2017,[1] Andrade-Guerrero, filed a *pro se*[2] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. DE # 84 (Motion). The undersigned began initial screening, determined that the motion failed to identify **any** facts supporting the claims advanced, and ordered Andrade-Guerrero to submit a corrected motion or a memorandum, curing and addressing the failure, by February 23, 2017. DE #86 (Order). That deadline passed, and Defendant made no additional filing. The Court explicitly warned Andrade-Guerrero that "[f]ailure to comply with [the prior] Order will result in a recommendation that Andrade-Guerrero's § 2255 motion be dismissed." *Id.* ¶ 4. Per normal practice, the District assigned the matter to the undersigned for a recommended disposition.

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Andrade-Guerrero affirmed under penalty of perjury that he placed the § 2255 motion in the prison mailing system on January 8, 2017. DE #84, at 13.
[2] Pro se petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

1

Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has completed its initial review of the motion. It "plainly appears from the motion . . . and the record of prior proceedings that [Andrade-Guerrero] is not entitled to relief[.]" Rule 4(b). Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE #84 and **DENY** a Certificate of Appealability.

I.  **BACKGROUND INFORMATION**

On May 14, 2015, a federal grand jury indicted Andrade-Guerrero on one count of aggravated (as to him, >500g) cocaine trafficking conspiracy, one count of attempted aggravated (>500g) cocaine trafficking, and three counts of cocaine distribution. DE #1 (Indictment). The grand jury later returned a superseding indictment, which, as to Andrade-Guerrero, included only minor, non-substantive changes to two of the distribution charges. DE #27 (Superseding Indictment). Andrade-Guerrero pleaded guilty to the conspiracy count on October 5, 2015. DE ##54 (Rearraignment Minute Entry), 55 (Plea Agreement). Judge Thapar sentenced Andrade-Guerrero on January 11, 2016. DE #75 (Sentencing Minute Entry). Movant received a 60-month prison term, the mandatory minimum, followed by a lifetime term of supervision (to be reduced to a four year term if Andrade-Guerrero re-enters the United States legally). DE #79 (Judgment). Andrade-Guerrero did not appeal. On January 8, 2017, Andrade-Guerrero filed the instant § 2255 motion. The matter is ripe for screening.

II. **ANALYSIS**

The Court conducts a preliminary review of § 2255 motions:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b). Summary dismissal is appropriate for "wholly conclusory or frivolous" claims, *Sappington v. United States*, 76 F.3d 379, 1996 WL 28819, at *1 (6th Cir. Jan. 24, 1996) (table), or "vague and conclusory allegations." *United States v. Mercer*, 289 F. App'x 481, 482 (3d Cir. 2008); *see also United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("Under [the Rule 4(b)] standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." (internal quotation marks and citation omitted); *United States v. Redhead*, No. CR-IO-81-GF-SEH, 2012 WL 3039823, at *1 (D. Mont. July 23, 2012) (quoting Advisory Committee Note, Rule 4, Rules Governing § 2254 Cases: "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."). However, motions stating a factual basis that show "a real possibility of constitutional error" should not be dismissed on initial review. *Redhead*, 2012 WL 3039823, at *1 (quoting *Calderon v. United States Dist. Ct.*, 98 F.3d 1102, 1109 (9th Cir. 1996)). If a court dismisses under Rule 4(b), the court should "enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." *Doss v. United States*, 977 F.2d 580, 1992 WL 289587, at *1 (6th Cir. Oct. 14, 1992) (table) (quoting *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982) (*per curiam*)). Simply put, summary theories and generalized claims do not survive screening. *See also Woodley v. United States*, Nos. CV413-167, CR408-315, 2013 WL 6119239, at *1 (S.D. Ga. Aug. 12, 2013) ("[T]hose who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf."); *Everette v. United States*, Nos. 08-C-0541, CRIM. 07-CR-139, 2008 WL 2782896, at *1 (E.D. Wis. July 15, 2008) ("Likewise, the court may deny the motion summarily

3

if 'the petitioner makes conclusory or speculative allegations rather than specific factual allegations.'") (quoting *Daniels v. United States,* 54 F.3d 290, 293 (7th Cir. 1995)).

In the instant motion, Andrade-Guerrero states three cursory and factless grounds for relief: (1) "ineffective assistance of counsel during this case on plead guilty, allows others to use illegal evidence"; (2) "ineffective assistance of counsel during sentence"; and (3) "Mr. Andrade's conviction and sentence are violative of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution." DE #84, at 5-7 (all as in original). Andrade-Guerrero provides no further explanation or elaboration; this is the entirety of the substance of Andrade-Guerrero's § 2255 motion. Movant did not, despite a Court order noting the factual paucity of the § 2255 petition, supplement or clarify with analysis, specific facts, or reasoning in a corrected motion or a memorandum. For the following reasons, the unsupported and conclusory claims are wholly without merit.

First, the Court recommends dismissal of Andrade-Guerrero's motion, as the Court said it would, due to his complete failure to follow or even respond to the earlier Court order (DE #86). The Court explicitly warned Andrade-Guerrero that failure to comply with DE #86 would result in recommended motion dismissal, and he made no compliant filing (or filing of any kind). Second, the unaddressed concerns the Court previously identified remain fatal to the motion: namely, Andrade-Guerrero's motion, empty of facts, is deficient under § 2255 Rule 2(b)(2). *See* DE #86. Thus, Andrade-Guerrero failed to identify any facts supporting any of the three grounds for relief sought. Rule compliance is mandatory for § 2255 movants. *See generally* Rule 2 (using "must"). Andrade-Guerrero failed to substantiate his naked claims.

Alternatively, on the merits, Andrade-Guerrero—in three conclusory and analysis-free sentences (one per ground)—does not show, under the § 2255 standard, that he is entitled to

4

habeas relief. Again, the *entirety* of Andrade-Guerrero's three claims, as he phrased them, are the following: (1) "ineffective assistance of counsel during this case on plead guilty, allows others to use illegal evidence"; (2) "ineffective assistance of counsel during sentence"; and (3) "Mr. Andrade's conviction and sentence are violative of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution." DE #84, at 5-7. Andrade-Guerrero provides or cites to no evidence or information to support these claims. He does not describe or identify the "illegal evidence" that counsel "allow[ed] others to use" and does not mention any specific instance where counsel performed deficiently during sentencing. His third claim, which simply lists six separate constitutional amendments his conviction and sentence supposedly violate, is devoid of particulars, essentially asking the Court to divine potential errors. He cites no law or authority to establish entitlement to relief under any of the named amendments. As such, each claim independently fails based on Andrade-Guerrero's complete dereliction in providing any specific detail to his assertions. *See, e.g.*, *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to [even] warrant a hearing."); *Ryals v. United States*, Nos. 1:05-CV-238, 1:03-CR-176, 2009 WL 595984, at *5 (E.D. Tenn. Mar. 6, 2009) ("The burden is on Ryals to articulate and plead sufficient facts to state a claim under § 2255. . . . Because Ryals' § 2255 motion merely asserts a vague, general conclusion without sufficient substantiating allegations of fact, the motion fails to state a viable claim and is without merit."); *United States v. Gallion*, Nos. 2:07-39-DCR-01, 2:13-7325-DCR-JGW, 2014 WL 2218361, at *14 (E.D. Ky. May 27, 2014) ("Defendant bears the burden to articulate sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Because

5

defendant has made only vague conclusory statements without substantiating allegations of specific facts, he has not met that burden and, consequently, he is not entitled to § 2255 relief." (internal quotation marks and alteration removed)).

In the face of an explicit screening notice, Andrade-Guerrero insufficiently supported the cursory, conclusory motion, mandating dismissal. The Court also dismisses the motion due to Andrade-Guerrero's failure to comply with the mandatory Rules (as to motion specificity and factual content) and prior Court Order. The Court has reviewed the entire record. Movant entered a valid and informed guilty plea. DE #54 (finding Andrade-Guerrero "fully competent and capable of entering an informed plea" and accepting the guilty plea). Movant signed a written plea agreement and admitted sufficient facts to establish his guilt under the aggravated cocaine trafficking conspiracy count. DE #55. Judge Thapar sentenced Andrade-Guerrero to the minimum term of imprisonment mandated by statute. DE #79; *see* 28 U.S.C. § 841(b)(1)(B)(ii). Nothing in the record suggests any support for Andrade-Guerrero's empty assertions, and the § 2255 Rules do not require a judicial expedition in search of merit. Accordingly, and for the reasons stated, the motion is ill-founded and should be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x

771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissal on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Movant has not made a "substantial showing" as to any claimed denial of rights. Andrade-Guerrero's motion, unsupported by any facts and asserting only vague and conclusory claims, presents no issue of reasonable debate per the applicable standards and the above analysis, as the screening dismissal indicates. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.[3]

## IV.   RECOMMENDATION

For all the reasons discussed above, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE #84 and **DENY** a Certificate of Appealability.

*   *   *   *   *

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[3] Andrade-Guerrero does not request an evidentiary hearing. Nevertheless, the Court must hold one unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, no hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Andrade-Guerrero, having the burden "to provide sufficient factual support for his claims[s]" and providing "nothing beyond conclusory allegations in support of the motion," fails to meet the applicable standards. *Bundy v. United States*, 178 F.3d 1293, 1999 WL 115482, at *2 (6th Cir. Feb. 10, 1999) (table).

Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466, 475 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

To the extent required, and noting again DE #86, this Recommended Disposition gives Movant explicit prior notice of the recommendation of dismissal, made under Rule 4(b). *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Movant has arguments to make in opposition to dismissal, he must properly object and present those arguments to the District Judge.

This the 17th day of March, 2017.

Signed By:
*Robert E. Wier*   REW
United States Magistrate Judge